IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00540-PAB-MJW

ALISON G. DEAN,

    Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC. and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

    Defendants.

---

## ORDER DISMISSING CASE

---

This matter is before the Court on defendants' motion to dismiss [Docket No. 30]. In this action, plaintiff is seeking declaratory relief to prevent state foreclosure proceedings against two residence properties she owns. The Court's jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332(a).

## I. BACKGROUND[1]

Plaintiff is the owner of two properties, one located on South Moore Street in Littleton, Colorado ("the Moore property") and the other located on Krameria Street in Denver, Colorado ("the Krameria property"). On February 12, 2007, plaintiff executed two promissory notes in favor of lender Taylor, Bean & Whitaker Mortgage Corp. ("Taylor, Bean & Whitaker"), securing the notes with deeds of trust to the Moore property ("the Moore notes"). On May 25, 2007, plaintiff executed two more promissory

---

[1] The following facts are drawn from plaintiff's complaint [Docket No. 1] and the documents attached thereto.

notes in favor of Taylor, Bean & Whitaker, securing the notes with deeds of trust to the Krameria property ("the Krameria notes"). The trust deeds securing these notes state that the beneficiary of each instrument is Mortgage Electronic Registration Systems ("MERS"), "solely as nominee for Lender and Lender's successors and assigns." Docket No. 1 at 5, ¶ 23. Taylor, Bean & Whitaker subsequently securitized the Moore and Krameria notes by pooling the notes with other similar obligations and selling them to numerous unknown investors. These investors obtained insurance on the underlying obligations in the form of "credit default swaps." It is plaintiff's theory that because of this securitization, plaintiff no longer knows who the current holders of the Moore and Krameria notes are.

On April 23, 2009, Taylor, Bean & Whitaker initiated foreclosure proceedings on both the Krameria and Moore properties by filing a notice of election and demand for sale. *See* Docket Nos. 1-10, 1-11. On September 29, 2009, MERS, as nominee for Taylor, Bean & Whitaker, recorded assignments of its interests in both properties to Saxon Mortgage Services, Inc. ("Saxon"). *See* Docket Nos. 1-13, 1-14.[2]

## II. ABSTENTION

Plaintiff's complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 stating that (1) defendants are estopped from asserting any default on the notes; (2) defendants lack any interest in the trust deeds which may be enforced by liens upon, or through sale of, the properties; and (3) quieting title to the properties in favor of plaintiff

---

[2] In her complaint, plaintiff states that the trust deeds have not been assigned or transferred "in whole or in part." Docket No. 1 at 7 ¶ 32. Plaintiff, however, also attaches recorded notices of assignment evidencing the assignment of the trust deeds to Saxon. *See* Docket Nos. 1-13, 1-14.

2

and against defendants. According to the complaint, foreclosure proceedings have already been initiated on both of the properties and, as of the filing of the complaint, the trustee sale was scheduled for the Moore property on March 10, 2010 and the Krameria property for March 18, 2010. Docket No. 1 at 10.

Defendants argue in their motion to dismiss that the foreclosure process is ongoing and therefore abstention is appropriate pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Docket No. 30 at 13. Public record searches in Jefferson and Denver Counties, where the properties are located, indicate that neither the Moore nor Krameria properties have been sold. As the foreclosure process is ongoing, the Court must consider whether abstention is proper under *Younger*. *See Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591 at *3 (D. Colo. May 7, 2007) (explaining the Colorado foreclosure process).

> *Younger* directs a federal court to abstain from exercising its jurisdiction where:
>
> (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quotation omitted). *Younger* is mandatory and does not grant a district court discretion not to abstain unless extraordinary circumstances are present. *See Chapman v. Barcus*, 372 F. App'x 899, 901-02 (10th Cir. 2010). Although *Younger* itself involved a request for injunctive relief, its holding also applies to requests for declaratory relief

3

where the declaratory judgment issued by the federal court could be used to interfere with the state court proceedings. *See D.L. v. Unified School District, No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

Here, foreclosure proceedings pursuant to Colorado Rule of Civil Procedure 120 are ongoing and involve important state interests. *See Beeler*, 2007 WL 1346591 at *3 ("Actions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law."). Plaintiff has also sought declaratory judgments which could be used to void the ongoing foreclosure proceedings. Whether Rule 120 proceedings are "an adequate forum" to hear plaintiff's claims is a more difficult question. Rule 120 authorizes "any interested person" to file a motion for an order of sale and permits the debtor to dispute the moving party's entitlement to the order. *See* C.R.C.P. 120(a), (c). Rule 120 hearings are non-adversarial and are "designed to address, in summary fashion, issues related specifically to the existence of a default." *Plymouth Capital Co., Inc. v. District Court of Elbert Cnty.*, 955 P.2d 1014, 1016-17 (Colo. 1998). These hearings therefore are "not the proper forum for addressing the various and complex issues that can arise in some foreclosures." *Id.*

Despite the limited scope of Rule 120 hearings, plaintiff's claims challenge the exact matters these proceedings are designed to consider. Plaintiff seeks a declaratory judgment stating that defendants have no interest in the properties because they are not the true holders of the promissory notes at issue or, put another way, they are not entitled to move for an order of sale under Rule 120. The Colorado Supreme Court has

expressly held that debtors in Rule 120 proceedings can raise exactly this defense. *See Goodwin v. District Court*, 779 P.2d 837, 843 (Colo. 1989) (en banc) (reasoning that "[i]mplicit in Rule 120 is the requirement that the party seeking an order of sale have a valid interest in the property allegedly subject to the power of sale" and thus debtors may present a "real party in interest" defense in Rule 120 proceedings). Plaintiff has not raised any federal claim or complex issue that would not normally be considered in a Rule 120 hearing. *See Plymouth Capital Co.*, 955 P.2d at 1016-17. Rather, her claims that defendants are no longer holders under Colorado law and have no authority to foreclose go to the heart of the findings in Rule 120 proceedings. Therefore, the state court foreclosure proceedings provide an adequate forum for plaintiff to raise her claims for declaratory relief, and the Court must abstain from considering the merits of plaintiff's claims.

### III.  CONCLUSIONS

For the foregoing reasons, it is

**ORDERED** that defendants' Motion to Dismiss or, in the Alternative, for Abstention [Docket No. 30] is **GRANTED**.  It is further

**ORDERED** that plaintiff's complaint [Docket No. 1] is **DISMISSED without prejudice**.

DATED February 28, 2011.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge